## No. 610.

### IVY I. DAVIS VS. PARISH OF CALDWELL.

Plaintiff's demand is based upon an ordinance of the police jury. adopted March 7,. 1876, appropriating a certain sum of money to be paid to plaintiff for claims,. warrants, etc. The defense is that said ordinance did not create any legal obligation, because juries are prohibited from contracting debts without fully providing in the ordinance creating them the means of paying the principal and interest of the debts so contracted, which was not done in the ordinance invoked, and there was no money in the treasury. The defendant further asserts that the police jury was without any power to issue and put in circulation such warrants and instruments as plaintiff pretends to hold and to make defendant. responsible for.

The ordinance above mentioned does not seem to come within the rule invoked by the defendant, as it did not create a debt, but merely recognized existing obligations, which, under the evidence in this case, were created by law in favor of the parties originally holding them.

The doctrine announced in the case of Sterling vs. West Feliciana, 26 An. 59, and in Flagg vs. St. Charles, 27 An. 319, can not be invoked in this suit, because it is not, as to this part of the demand, brought on the instruments condemned in said cases, but on this ordinance, and this court thinks it is within the power of the police jury to acknowledge and order the payment of such claims as the evidence shows those to be and which are authorized by law—the fees of certain officers,. witnesses, etc.—the amount of which is fixed by law.

APPEAL from the Twelfth Judicial District Court, parish of Caldwell. *Taliaferro*, J.   *T. C. Meredith*, for plaintiff and appellee.   *J. T. Strother*, District Attorney *pro tem.*, for defendant and appellant.

HOWELL, J.   The defendant has appealed from a judgment against it for fifteen hundred dollars and interest, and ordering the proper officers to assess and collect a tax sufficient to pay the same.

The suit is based on the allegations that plaintiff was the holder and owner of fifteen hundred dollars of parish paper issued, examined, approved, and allowed by the police jury, signed by the president thereof, and registered by the treasurer according to law and the ordinances of the police jury; that said paper was issued for a lawful consideration, and consisted in claims for services rendered to the parish, such as jury claims, witness claims in criminal cases, police jury warrants for per diem of members of the police jury, jury certificates of grand and petty jurors, claims and warrants in favor of the jailor for feeding prisoners, claims allowed plaintiff as salary as parish treasurer for 1875, claim of T. J. Broadway, sheriff, for per diem and services in attendance on the parish and district courts, and the judge's warrant for the same and for various other such like legal services, all amounting to fifteen hundred dollars; that on the seventh of March, 1876, the police jury passed an ordinance allowing plaintiff $719 of said sum (the evidences of all having been destroyed by fire), and remitting plaintiff to the courts for the balance of his claim; that he has demanded payment and received the reply that there are no funds.

Davis vs. Parish of Caldwell.

The answer sets up the general denial; admits the passage of the ordinance No. 13, appropriating $719 to plaintiff for claims, warrants, etc., said to have been destroyed by fire on the eleventh of February, 1876, but denies that said ordinance created any legal obligation, because police juries are prohibited from contracting debts without fully providing in the ordinance creating them the means of paying the principal and interest of the debts so contracted, which was not done in the ordinance invoked, and there was then no money in the treasury; denies that plaintiff ever had any claims, warrants, etc., destroyed by fire, and if he had, the parish is not liable therefor, because the parish was without power to issue and put in circulation such instruments; and denies responsibility for judicial claims signed by the judge and clerk, because it is delegating powers to said officers not conferred by the constitution.

Ordinance No. 13 is as follows:

"An ordinance to pay I. I. Davis the amount of his salary as parish treasurer for the year 1875, and to pay him for claims and warrants destroyed by fire on the eleventh of February, 1876.

"Be it ordained by the police jury of the parish of Caldwell: That the sum of three hundred dollars be appropriated to pay I. I. Davis his salary of parish treasurer for the year 1875, and the sum of four hundred and nineteen dollars and seventy cents be appropriated to pay said Davis for warrants Nos. 547, 595, 599, 349, 612, 597, 468, 510, 511, and 545, destroyed by fire on February 11, 1876; provided said Davis execute his bond in favor of the parish for the sum of seven hundred and twenty dollars, with two good securities, said bond to last two years. That this ordinance take effect from and after its passage." Adopted March 7, 1876.

It seems to us that this ordinance does not come within the rule invoked by the defendant, as it did not create a debt, but merely recognized existing obligations, which, under the evidence in the case, were created by law in favor of the parties originally holding them. Nor can the doctrine announced in the cases of Sterling vs. West Feliciana, 26 An. 59, and Flagg vs. St. Charles, 27 An. 319, be properly invoked in this, as this suit is not, as to this part of the demand, brought on the instruments condemned in said cases, but on this ordinance, and we think it is within the power of the police jury to acknowledge and order the payment of such claims as the evidence shows these to be, and which are authorized by law, the fees of certain officers, witnesses, etc., the amount of which is fixed by law.

As to the sum acknowledged by this ordinance, we think the judgment, under the evidence, is correct. But the allegations and evidence as to the other portion of plaintiff's demand are too vague and indefinite to authorize a judgment.

Davis vs. Parish of Caldwell.

It is therefore ordered that the judgment in favor of plaintiff be reduced from fifteen hundred dollars to $719.70, with five per cent interest from the eighth of March, 1876, and costs; that the balance of plaintiff's demand be dismissed as of nonsuit, and that as thus amended the judgment be affirmed; plaintiff to pay costs of appeal.